458 A.2d 966

**COMMONWEALTH of Pennsylvania**

v.

**Anthony MENGINIE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 22, 1982.

Filed March 31, 1983.

Petition for Allowance of Appeal Denied July 22, 1983.

Stephen H. Serota, Philadelphia, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WICKERSHAM, Judge:

This appeal arises from Anthony Menginie's challenge to his conviction on several counts of receiving stolen property and various other offenses. Specifically, Menginie was charged with receiving stolen property, possessing instruments of crime, tampering with records, dealing in vehicles with removed or falsified identification numbers, and removing or falsifying vehicle identification numbers, as well as drug related offenses. Before trial, Menginie's counsel

filed an omnibus motion pursuant to Rule 306 of the Pennsylvania Rules of Criminal Procedure.[1]

The omnibus motion sought the suppression of physical evidence and any statements made by Anthony Menginie. After a hearing, the Honorable R. Barclay Surrick granted the motion to suppress a statement Menginie made but denied the motion to suppress physical evidence. The case was tried before the Honorable Henry V. Scheirer and a jury; Menginie was convicted of the theft related offenses with which he had been charged, but was acquitted of the drug charges.[2]

Post-trial motions for a new trial and in arrest of judgment were filed, alleging several errors in the suppression hearing and at trial. The court denied the post-trial motions and sentenced Menginie to an aggregate term of imprison-

1. Menginie's entire suppression motion was:

OMNIBUS MOTION

Petitioner Anthony Menginie, by his Attorney, Stephen H. Scrota, Esquire, seeks the following relief under Rule 306 of the Pennsylvania Rules of Criminal Procedure.

(I) Suppression of Evidence

(a) Physical evidence illegally and wrongfully obtained.

(b) Statements of defendant (if any)

(II) The evidence was obtained in violation of the constitutional rights of the defendant in that:

(a) Defendant's arrest was illegal

(b) He was arrested without probable cause.

(c) An illegal search was conducted of premises 214 Linden Ave. Darby, Pennsylvania at which time alleged contraband was observed and later confiscated.

(d) Assuming arguendo that the search was not illegal, motorcycles, motorcycle parts, tools, equipment etc. confiscated were not apparently contraband on its face and should not have been confiscated.

(e) Defendant's statement was the product of physical or psychological coercion.

(f) Questioning of the defendant was not preceded by adequate warnings.

2. After Menginie's conviction, but before sentencing, he petitioned the court seeking a return of property allegedly belonging to Menginie. The petition was denied and an appeal was taken to this court. *See Commonwealth v. Menginie*, 312 Pa.Super. 293, 458 A.2d 966 (1983). The appeal from the order denying Menginie's petition for the return of property was not consolidated with the present appeal from the judgment of sentence.

ment of from two to five years as well as payment of a fine and restitution. This appeal timely followed.

On March 30, 1979 officers from the Upper Darby Police Department responded to a reported shooting at 214 North Linden Avenue, Upper Darby. Anthony Menginie was found bleeding on the lawn of a house several doors away from 214 North Linden Avenue. Menginie told the police that he had been shot by his brother Russell Menginie and that Russell was in the house at 214 North Linden.

When the police entered the house they saw Russell Menginie slumped against the wall in an upstairs hallway, with a handgun at his side. Unaware at the time that Russell Menginie had died from a self-inflicted gunshot wound, a police officer kicked the gun away from Russell Menginie. The gun landed in a bedroom and the officers entered the bedroom to secure the gun.

Once inside the bedroom the officers saw a scale and containers holding a white substance. The officers on the scene called for assistance from one Officer Ceccola, a narcotics officer of the Upper Darby Police Department. Officer Ceccola suspected that the white powder was either methamphetamine or cocaine and obtained a search warrant. This warrant authorized a search of the premises for drugs, drug paraphenalia and other evidence indicating that 214 North Linden Avenue was used to distribute drugs.

As they executed the first warrant the police discovered numerous motorcycles and motorcycle parts. They also found an improperly removed serial number plate from a Harley-Davidson motorcycle, an open certificate of title for a Harley-Davidson motorcycle and a notary public seal issued to an unknown person who did not live at 214 North Linden. The Upper Darby police concluded that the premises were also the site of a motorcycle "chop shop" and called in the Pennsylvania State Police. State police troopers agreed that they had found a chop shop and obtained another warrant. The second warrant authorized a search of the premises for stolen motorcycles and motorcycle

parts, tools used to remove vehicle identification numbers and documents relating to traffic in stolen motorcycles.

While executing the first search warrant, the local police also found a home safe. The police obtained a search warrant for the safe and discovered nearly $18,000 in cash in the safe. Menginie was tried, convicted and sentenced; this appeal followed.

Menginie's first issue is:

Was the initial search warrant vitiated due to material misstatements in the probable cause section?

Menginie believes that two errors in the first search warrant required suppression of all evidence seized under the warrant. The probable cause section of the warrant states that two bodies were found inside 214 North Linden Avenue and that the search was conducted at 10:20 P.M. In fact, only one body was found in the house and the warrant was issued at 10:47 P.M. Menginie argues: "The only logical explanation for the misplaced body ... would be to provide adequate probable cause for [the police] to enter the front bedroom in case his "on sides kick" of the gun into the bedroom was rejected as a basis for probable cause to enter the front room and discover its contents." Brief for Appellant at 1-2.

■ Menginie has waived this issue. In *Commonwealth v. Stickle*, 484 Pa. 89, 398 A.2d 957 (1979) the appellant claimed that a search warrant used to obtain hair, blood and fingernail scrapings from him was invalid because factual assertions made in the warrant were patently false. The supreme court held that Stickle "made no effort in his pretrial "Motion to Suppress" to apprise the suppression court of specific factual falsities contained in the warrant and, therefore, has not preserved this issue." *Id.*, 484 Pa. at 97, 398 A.2d at 961. Similarly, Menginie's omnibus pretrial motion did not apprise the suppression court of the specific factual falsities he now argues invalidate the first search warrant. Thus, under the authority of *Stickle, supra,* Menginie has not preserved this issue for review.

■ Yet even if Menginie's motion had properly pre-
served his claim he would not be entitled to relief because
of errors in the warrant. Contrary to appellant's above
quoted assertion there is another explanation for the error
in the affidavit. One of the police officers who swore out
the warrant testified at the suppression hearing and indi-
cated that the affidavit's mention of two bodies was an
error. The suppression court was, of course, free to accept
the police officer's explanation that the statement about
two bodies was simply a mistake.

■ Further, the mere presence of an error in the
probable cause affidavit does not invalidate a search war-
rant. As this court said in *Commonwealth v. Zimmer-
man*, 282 Pa.Super. 286, 295–96, 422 A.2d 1119, 1124 (1980)
(citations omitted):

> In order to secure a valid search warrant, an affiant
> must provide a magistrate with information sufficient to
> persuade a reasonable person that there is probable cause
> for a search. The information must give the magistrate
> the opportunity to know and weigh the facts and to
> determine objectively whether there is a need to invade a
> person's privacy to enforce the law. In [*Commonwealth
> v.] D'Angelo* [437 Pa. 331, 263 A.2d 441 (1970)], the court
> held invalid a search warrant based upon the affiant's
> misstatement of a fact. Later cases have held, however,
> that misstatements of fact will invalidate a search war-
> rant and require suppression of the fruits of the search
> only if the misstatements of fact are *deliberate* and
> *material*. A material fact is one without which probable
> cause to search would not exist.

In this case the presence or absence of an additional body
inside the house was not a material fact. After their initial
lawful entry to 214 North Linden the police were entitled to
retrieve Russell Menginie's weapon from the room where it
landed; once the police saw substances which appeared to
be drugs in that room they had probable cause to support

issuance of a search warrant for drugs irrespective of how many bodies were in the house.

Menginie's second issue is:

Was there a reasonable justification for the issuance of a nighttime search warrant?

Menginie asserts that the first search warrant was issued at 10:47 P.M. and argues that the police officers did not satisfy the requirements for a nighttime search. The Pennsylvania Rules of Criminal Procedure prohibit a nighttime search unless the affidavits show reasonable cause for a nighttime search. Pa.R.Crim.P. 2003(c). The affidavits supporting this search warrant stated that other persons had access to the house at 214 North Linden; Menginie argues that this statement does not satisfy the "reasonable cause" requirement of Pa.R.Crim.P. 2003(c).

■ Menginie's failure to present a proper suppression motion has resulted in a waiver of this issue as well. The only portion of Menginie's suppression motion which even arguably raises the issue of an improper nighttime search is found at part II(c) of the motion. Part II(c) of the suppression motion stated: "An illegal search was conducted of premises 214 Linden Ave., Darby, Pennsylvania, at which time alleged contraband was observed and later confiscated." This conclusory statement does not satisfy the requirements of Pa.R.Crim.P. 323(d), which provides: "The motion shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof."

■ The instant motion clearly does not state with specificity and particularity the grounds for suppression or describe the facts and events underlying the grounds for suppression. We agree with the view expressed by Justice Larsen in his plurality opinion in *Commonwealth v. Dobson*, 486 Pa. 299, 304, 405 A.2d 910, 913 (1979):

At a minimum, the 'specificity' and 'particularity' demands of Rule 323(d) required that, in order to have preserved the issue of the admissibility of the physical

evidence, appellant would have had to have set forth in his motion, and have argued at the hearing, the fact that a seizure of the evidence had occurred pursuant to a search warrant and the grounds now asserted that the seizure was invalid because probable cause for the warrant had been solely on illegally obtained statements. *See Commonwealth v. Baylis* [477 Pa. 472, 384 A.2d 1185 (1978)], *supra* (post-*McCutchen* case where appellant, who failed to move to suppress on the grounds that he was a minor and was not accompanied by parents or a guardian, was held to have waived this claim even though validity of statement was raised generally); *Commonwealth v. Simmons*, 482 Pa. 496, 394 A.2d 431 (1978) (appellant challenged validity of *Miranda* waiver, but not on specific grounds that he should have been *rewarned* of his *Miranda* rights periodically; this issue held waived).

In this case, then, Menginie should have set forth in his motion the fact that a seizure of evidence had occurred pursuant to a search warrant and the grounds now asserted that the seizure was invalid because the requirements for the issuance of a nighttime search warrant were not met.[3]

 In any event, this issue was meritless. As this court stated in *Commonwealth v. Prokopchak*, 279 Pa.Super. 284, 420 A.2d 1335 (1980) the affidavit for a nighttime search warrant must show both probable cause and some reason why the search cannot wait until morning. *Id.*, 279 Pa.Superior at 292, 420 A.2d at 1340. The affidavit here showed probable cause to search the house for drugs and gave an excellent reason why the search could not wait until morning. When other persons have access to a house containing readily moveable evidence such as drugs there is reasonable cause not to delay a search. *See e.g., Commonwealth v. Prokopchak, supra*, 279 Pa.Superior at 292–93, 420 A.2d at 1339–40.

**3.** In the interests of brevity we here point out that this analysis applies equally to Menginie's remaining issues. We discuss the merits of the rest of his contentions only to indicate that Menginie would not have been entitled to relief even if his contentions had been properly set forth in a suppression motion and thus preserved for appellate review.

Moreover, the evil Pa.R.Crim.P. 2003(c) was designed to prevent was not present in this case. The comment to rule 2003(c) provides: "The requirement of a showing of reasonable cause for a nighttime search highlights the traditional doctrine that nighttime intrusion into a citizen's privacy requires greater justification than an intrusion during normal business hours." The privacy of the citizen in his home at night was not violated in this case, for the only surviving resident of 214 North Linden, Anthony Menginie, was in the hospital and not at home.

■■ Menginie's third issue is:

Whether the testimony of Police witnesses was so incredulous as to vitiated [sic] findings of probable cause which sustained various searches and seizures?

Menginie argues that at both the suppression hearing and the trial the Commonwealth's witnesses gave testimony that "contained more convenient coincidence than can be believed." Brief for Appellant at 6. This argument is meritless; it is for the suppression court and trier of fact to determine the credibility of witnesses.

■■ Menginie's fourth issue is:

Did the search warrants unconstitutionally condone an exploratory search of the entire house and adjacent building?

Menginie asserts that because Pa.R.Crim.P. 2005 requires that a search warrant shall name or describe with particularity the place to be searched, the warrant authorizing a search of 214 North Linden and its garage allowed an exploratory search. Again, this argument has no merit. The police had probable cause to believe that the premises at 214 North Linden were being used in drug trafficking. The warrant in issue describes the place to be searched with sufficient particularity to satisfy Pa.R.Crim.P. 2005.

Menginie's fifth issue is:

Should items seized by Officer Ceccola have been suppressed due to his failure to secure a warrant prior to conducting his search?

Menginie contends that after the police officers first saw drugs in the bedroom they had to obtain a warrant before calling for the assistance of Officer Ceccola, the narcotics officer. Therefore, all evidence seized pursuant to the warrant obtained by Officer Ceccola should have been suppressed.

■ The Upper Darby police officers who responded to the report of a shooting were legitimately in Menginie's house; they discovered substances they took to be drugs in plain view. The police did not have to obtain a warrant before requesting the help of an officer expert in drugs. Officer Ceccola merely confirmed that the substances in plain sight were illicit drugs and then sought a search warrant.

Menginie's sixth issue is:

Should motorcycle parts and related items seized by State Police have been suppressed for the failure to secure a warrant prior to instituting a search?

The reasoning supporting this argument is similar to that advanced under Menginie's fifth issue. The motorcycle parts were discovered by the police as they executed the first search warrant, which allowed them to search for drugs. After the local police found large numbers of motorcycle parts they called in officers of the state police. The state police then obtained another warrant and conducted a further search. Menginie contends that the state police should have obtained a warrant before they inspected the discoveries of the local police.

■ We reject this argument. The local police found motorcycle parts while they were conducting a valid search pursuant to a warrant. Surely they did not have to obtain another warrant merely to ask the assistance of the state police in their investigation. When it became apparent to the state police that there was criminal trade in motorcycle parts they properly obtained a warrant to seek evidence of the illicit activity.

■ Menginie's final issue is:

Should seizure of a safe from the premises been suppressed due to the overly hard nature of the warrant and due to lack of probable cause?

As the Upper Darby police searched 214 North Linden Avenue they found, and seized, a safe. A warrant was obtained before the safe was opened. Menginie again argues that the requirement of our Rules of Criminal Procedure for a particular description of the place to be searched was violated. It was reasonable for the police to get a warrant before searching the safe, because they had probable cause to believe that drugs or money or both were in the safe. The warrant was supported by probable cause and satisfied the particularity requirements of the rules.

Judgment of sentence affirmed.

WIEAND, J., concurs in the result.