471 A.2d 558

**COMMONWEALTH of Pennsylvania**

**v.**

**Bill Dee BRADSHAW, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1983.

Decided Jan. 27, 1984.

Petition for Allowance of Appeal Denied July 10, 1984.

Robert A. Lechowicz, Telford, for appellant.

Douglas Maloney, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before CIRILLO, JOHNSON and CERCONE, JJ.

CIRILLO, Judge:

This case involves an appeal from the judgment of sentence entered against appellant, Bill Dee Bradshaw, on February 2, 1982, in the Court of Common Pleas of Bucks County. Appellant was convicted by a jury on charges of burglary, theft, and receiving stolen property.

On January 25, 1980, appellant burglarized the home of Mr. and Mrs. Glenn Limburg, 32 Deep Dale Drive East, Levittown, in Bucks County. Appellant was arrested the next day in Philadelphia for attempting to use a credit card belonging to Mrs. Limburg. The Philadelphia police conducted a search of appellant's person incident to that arrest. This search yielded several items which were taken in the burglary, including various credit cards, Mr. Limburg's wallet, and the contents of the wallet.

On January 29, 1980, Detective Richard Dechant of the Middletown Township Police Department, Bucks County, filed a criminal complaint and affidavit of probable cause for the arrest of appellant on charges arising from the January 25th burglary. Because appellant was in police custody in Philadelphia, Detective Dechant lodged a detainer with the Philadelphia Police Department. Appellant was made available to Middletown Township authorities on February 8, 1980, on which date he was arrested and arraigned on the above charges. No further search was conducted by the police at this time. Hence, the only items seized from appellant were those seized incident to his arrest in Philadelphia on January 26, 1980.

Subsequently, appellant filed a pre-trial motion to suppress the evidence seized from him "prior to and incident to and subsequent to the arrest" on February 8, 1980. Appellant did not, however, specifically challenge or refer to

either the arrest or seizure which occurred on January 26, 1980.

At the suppression hearing, the Commonwealth produced the affidavit of probable cause for arrest and presented the testimony of Detective Dechant. This evidence was introduced in order to establish that probable cause existed for an arrest. The Commonwealth did not, however, present evidence at the suppression hearing to establish that any searches or seizures were valid. Detective Dechant, who was subjected to cross-examination, testified that no items were seized from appellant on February 8, 1980, the date appellant referred to in the motion to suppress.

As a result of appellant's failure to attack specifically the seizure of January 26, the suppression hearing judge, the Honorable Edmund B. Ludwig, denied appellant's motion to suppress. The case proceeded to a jury trial on May 15, 1980, and on May 19, 1980, the jury convicted appellant on all charges. Post trial motions were filed and denied. On February 2, 1982, appellant was sentenced to a term of imprisonment of one to five years. This appeal followed.

Appellant's first contention is that the suppression court was in error when it denied appellant's motion to suppress. The essential thrust of this claim is that since the suppression court heard no testimony as to how evidence was seized, the Commonwealth failed to meet its burden of showing that the evidence was legally obtained. Appellant relies on Pennsylvania Rule of Criminal Procedure 323(h) which states that: "The Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights." Appellant argues that Detective Dechant's testimony and the affidavit of probable cause were insufficient in that they did nothing to establish the legality of the search and seizure.

After review of the record, we conclude that the Commonwealth was not derelict with respect to either a burden of production or persuasion at the suppression hearing. We base this conclusion on our reading of Rule 323 in its

entirety, including, of course, a consideration of the mandates of Rule 323(h).  Although Rule 323(h) places the burden of going forward on the Commonwealth to establish the validity of a search, this burden is not triggered automatically upon filing of a motion to suppress.  Rather, in order for the burden on the Commonwealth to obtain, the underlying motion must meet certain threshold standards. We note in particular, Rule 323(d), which provides that: "(t)he motion shall state *specifically* and with *particularity* the evidence sought to be suppressed, the grounds for suppression, and the *facts and events in support thereof*." (Emphasis added).  *See also* Pa.R.Crim.P. 306(b).

■ Bald statements or boilerplate allegations of illegally obtained evidence are insufficient to trigger the Commonwealth's burden of going forward and proving that a search was legal.  *Commonwealth v. Ryan*, 296 Pa.Super. 222, 442 A.2d 739 (1982); *Commonwealth v. Iacavazzi*, 297 Pa.Super. 200, 443 A.2d 795 (1981); *See Commonwealth v. Menginie*, 312 Pa.Super. 293, 458 A.2d 966 (1983).

■ Instantly, appellant's motion to suppress did not specifically challenge the search and seizure which occurred incident to appellant's arrest by Philadelphia police officers on January 26, 1980.  The casual averment of impropriety is wholly deficient in specificity or particularity; it is of insufficient substance to advise the Commonwealth, the suppression court, or this Court of the alleged police misconduct. To require the Commonwealth to prove the legality of all its investigatory techniques, in a situation where no specific or particular course of conduct is clearly challenged, is not within the contemplation of 323(h).  Under these circumstances we may assume that the Commonwealth obtained the evidence in a legal manner, without requiring proof of legal procedures.  Thus, there is insufficient basis upon which the suppression court could grant appellant's motion to suppress.

Appellant's second allegation of error is that the trial court improperly admitted into evidence the testimony of

Detective Thomas, a rebuttal witness for the Commonwealth. Detective Thomas was called to the stand to recount an interview he had with appellant on January 30, 1980, wherein appellant volunteered a detailed confession of guilt for the crimes committed on January 25, 1980. Detective Thomas' testimony was intended to rebut the testimony of appellant, where appellant denied making a confession. At a side bar conference, counsel for appellant objected to the admission of Detective Thomas' testimony, arguing that it would merely repeat testimony given earlier by Detective Dechant, a Commonwealth witness.

Although the substance of Detective Thomas' testimony was in large part repetitious of testimony earlier given by Detective Dechant, the trial court determined that certain new and material information could be elicited. This determination was a finding of fact which should not be disturbed. *Minteer v. Wolfe,* 300 Pa.Super. 234, 446 A.2d 316 (1982); *Lynch v. Hook,* 298 Pa.Super. 27, 444 A.2d 157 (1982). On the basis of the possible introduction of new matter, the trial court permitted the Commonwealth to examine the witness.

Appellant now contends that the lower court should have disallowed Detective Thomas' testimony because the Commonwealth failed to disclose his name as a potential witness, pursuant to pre-trial discovery requests. Pa.R. Crim.P. 305, subd. B(1)(b). We need not address the substance of this claim.

It is well settled that a party may not raise an issue for the first time on appeal. *Staiano v. Johns Manville Corp.,* 304 Pa.Super. 280, 450 A.2d 681 (1982); *Vend-A-Matic, Inc. v. Frankford Trust Co.,* 296 Pa.Super. 492, 442 A.2d 1158 (1982). Although appellant did object to the admission of Detective Thomas' testimony on the grounds that the substance would merely reiterate prior testimony, appellant did not bring to the lower court's attention the matter of a pre-trial discovery violation. As the lower court was not given the opportunity to rule upon the discovery violation claim, we cannot allow appellant to posit this

alternate theory here. *See Martin v. Soblotney*, 296 Pa.Super. 145, 442 A.2d 700 (1982); *In re S.C.*, 280 Pa.Super. 539, 421 A.2d 853 (1980).

Judgment of sentence affirmed.