**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Omar R. McDONALD, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 9, 2005.

Filed Aug. 5, 2005.

David B. Chontos, Turtle Creek, for appellant.

Michael W. Streily, Deputy District Attorney, Pittsburgh, and Sally K. Kaye, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before: DEL SOLE, P.J., JOYCE and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Omar McDonald appeals the March 2, 2004 judgment of sentence of six to

twelve months incarceration followed by three years probation imposed following a bench trial in which he was convicted of carrying a firearm without a license,[1] and possession of a small amount of marijuana.[2]

¶ 2 At a January 13, 2004 hearing on appellant's suppression motion, two officers of the Pittsburgh Housing Authority Drug Task Force Unit testified that while on patrol as part of a drug investigation, they observed appellant, who was about 20 feet from them at the time, drop a small bag which looked to them to be marijuana onto the ground in a parking area. N.T., 1/13/04, 3–6, 32–34. Upon dropping the bag, appellant continued walking past the officers' unmarked car and towards another vehicle. *Id.*, at 5. One of the officers exited their car and retrieved the bag. *Id.*, at 5, 33. A closer inspection confirmed the officers' suspicion that the bag contained marijuana. *Id.* Appellant was about to enter a parked car when the officers confronted him and observed a gun protruding from his right front pants pocket. *Id.*, at 5. The officers arrested appellant at that time. *Id.*

¶ 3 Appellant filed an omnibus pretrial motion in which he sought the discovery of documentation reflecting that the arresting officers completed the same course of instruction as is required of municipal officers. Appellant also sought the suppression of the handgun, arguing that the arrest was illegal because it was made without authority pursuant to 35 P.S. § 1550 **Powers of an Authority** (ee), and that the police had neither probable cause nor reasonable suspicion to support the interaction between them and appellant.

The court heard arguments on the suppression motion; after the Commonwealth rested, and the defense indicated it would not call any witnesses, appellant argued that a basis for suppressing the evidence was that pursuant to § 1550, the Commonwealth had the burden of showing that the arresting officers had completed the same course of instruction as is required of municipal officers, but failed to meet that burden. N.T., 1/13/14, at 40–44. The court denied the suppression motion and, in its Opinion, explained that appellant had waived his argument that the officers lacked authority to arrest him because he had failed to cross-examine the officers on this issue, even though the officers testified on direct examination as to their qualifications and experience. Record No. 18, Trial Court Opinion, Gallo, J., 6/22/04, at 2–3. Further, the court found that upon discovering the marijuana and observing the gun protruding from appellant's pocket, the officers had reasonable suspicion of criminal behavior sufficient to support a *Terry* stop,[3] which "precluded the necessity of obtaining a warrant for his arrest." *Id.*, at 3.

¶ 4 After denying the suppression motion, the court immediately proceeded to the bench trial.[4] N.T., at 44; *see also* Record No. 5, Trial Court Order, 1/13/04, Gallo, J. The officers' testimony was incorporated into the trial record. N.T., at 45. At the conclusion of the trial, the court convicted appellant as indicated above. *Id.*, at 55. Appellant was sentenced on March 2, 2004, and this timely appeal followed in which he raises the following issues:

---

**1.** 18 Pa.C.S.A. § 6106.

**2.** 35 P.S. § 780–113(a)(31).

**3.** *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

**4.** Appellant waived his right to a jury trial. *See* Record No. 8.

1. When the statutory authority of a housing authority police officer to make an arrest is raised by a defense motion to suppress, does the Commonwealth have the burden of proof?

2. Did the Commonwealth prove by a preponderance of the evidence that the housing authority officers received the mandatory training set forth in Title 35, Section 1550(ee)?

3. Is suppression the remedy when the Commonwealth fails to satisfy its burden of proving housing authority officers had received the statutorily mandated training?

Appellant's brief at 4.[5]

■ ¶ 5 Our standard of review in addressing a challenge to a trial court's suppression ruling is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn therefrom are correct. *Commonwealth v. Malloy*, 579 Pa. 425, 442, 856 A.2d 767, 777 (2004). Where the Commonwealth prevailed on the suppression motion, we consider only the evidence of the prosecution and so much of the defense that remains uncontradicted. When the record supports the trial court's denial of the suppression motion, we are bound by those facts and will only reverse if the legal conclusions are in error. *Id.*

¶ 6 Appellant relies upon Section 1550, **Powers of an Authority,** (ee), of the Housing Authorities Law,[6] which provides:

An Authority shall constitute a public body, corporate and politic, exercising public powers of the Commonwealth as an agency thereof, which powers shall include all powers necessary or appropriate to carry out and effectuate the purpose and provisions of this act, including the following powers, in addition to others herein granted:

. . . . .

(ee) In a city of the second class,[7] to appoint police officers who shall have the same rights, powers and duties as other peace officers in the Commonwealth with respect to the property and enforcing order on and adjacent to the grounds and buildings of the Authority: *Provided, That said police officers complete the same course of instruction as is required for municipal police officers* by the act of June 18, 1974 (P.L. 359, No. 120), referred to as the Municipal Police Education and Training Law.

35 P.S. § 1550 (emphasis supplied). Also, citing Pa.R.Crim.P. 581, **Suppression of Evidence,** (H), and supporting case law, appellant argues it was the Commonwealth's burden to prove the officers had received this statutorily mandated training.

■ ¶ 7 We note that Rule 581(D) requires that the omnibus pretrial motion in which a defendant makes his motion to suppress, "shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof." Pa.R.Crim.P. 581(D). "Bald statements or boilerplate allegations of illegally obtained evidence are insufficient to trigger the Commonwealth's burden of going forward and proving that a search was legal." *Commonwealth v. Bradshaw*, 324 Pa.Super. 249, 471 A.2d 558, 560 (1984). Recently, this Court clarified that the "thrust" of *Bradshaw* is that "when a mo-

5. We note that appellant now concedes that the officers had reasonable suspicion to support the officers' stop of appellant. Appellant's brief at 11, n. 1.

6. 35 P.S. § 1541 *et seq.*

7. We note that Pittsburgh is a city of the second class. *See* 53 P.S. § 101.

tion to suppress is not specific in asserting the evidence believed to have been unlawfully obtained *and/or the basis for the unlawfulness,* the defendant cannot complain if the Commonwealth fails to address the legality of the evidence the defendant wishes to contest." *Commonwealth v. Quaid,* 871 A.2d 246, 249 (Pa.Super.2005) (emphasis supplied). Based upon the above, it is clear that appellant must meet this threshold requirement before the Commonwealth must bear the burden imposed by Pa.R.Crim.P. 581(H) "of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights."

 ¶ 8 Here, appellant simply alleged in his motion that "[t]he arrest of Mr. McDonald was illegal because it was made without authority pursuant to 35 P.S. Section 1550(ee)." Record No. 5, Appellant's Omnibus Pretrial Motion, at 3. Appellant cited no facts or other support for this bald allegation, and did not specify that he was questioning whether the officers had received the same course of instruction as municipal officers. It is true that in the same omnibus pretrial motion he also requested as discovery "all documents reflecting the arresting police officer(s) completed the same course of instruction as that required for municipal police officers." *Id.* Although the Commonwealth did not comply with this request, in the five months between appellant's filing of the pretrial motion and the suppression hearing, appellant took no steps to enforce compliance with his request. It certainly appears that he abandoned his request. In addition, at the suppression hearing, appellant did not cross-examine the officers as to their training, even though they were questioned on direct as to their work history. *See* N.T., at 38–44. Appellant only raised this issue after the Common-

wealth rested and appellant indicated he would not call any witnesses. *Id.* At that point, he argued that the Commonwealth failed to meet its burden of proving the officers had received the same course of instruction as that required of municipal police officers. *Id.*

¶ 9 Simply put, appellant made a bald allegation, something of a "fishing expedition," which he then failed to pursue in any meaningful way. In such a case, we will not hold that the Commonwealth bears the burden of proof on the issue. We find that the record supports the trial court's conclusions and we find no error of law.

¶ 10 Our disposition of appellant's first issue renders our review of his remaining issues unnecessary.

¶ 11 Judgment of sentence affirmed.