J-S31018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES HOWARD FOWLER, | : | |
| | : | |
| Appellant | : | No. 1157 WDA 2016 |

Appeal from the Judgment of Sentence July 22, 2016
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000458-2015,
CP-42-CR-0000459-2015

BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                              **FILED JUNE 15, 2017**

Appellant, James Howard Fowler, appeals from the Judgment of Sentence entered in the McKean County Court of Common Pleas on July 22, 2016, following his convictions for numerous drug-related offenses.  Because Appellant failed to preserve for review or develop properly the issues he raises before this Court, we conclude Appellant waived his arguments.  We, therefore, affirm.

In the spring of 2015, Appellant made two separate cocaine sales to Michelle King ("King"), then acting as a confidential informant for the McKean County Drug Task Force.  A body camera hidden on King recorded the second cocaine sale.  Minutes after the second sale was complete, members of the McKean County Drug Task Force pulled over the vehicle that Appellant and King were traveling in, and arrested Appellant.  Officers

recovered the pre-recorded buy money from Appellant's person. During a subsequent search of Appellant's residence, officers found, among other items, a scale, baggies, a ledger of prior drug transactions, and over 100 grams of cocaine.

Appellant was charged with four counts of Possession with the Intent to Deliver, five counts of Possession of a Controlled Substance, two counts of Criminal Use of a Communication Facility, and two counts of Conspiracy to Commit Possession with the Intent to Deliver.[1]

Appellant waived his preliminary hearing and filed a suppression motion alleging that the search warrant authorizing the search of Appellant's residence was not supported by probable cause. The trial court denied the motion.

Appellant elected to proceed to a jury trial. King testified at trial, as did various members of the McKean County Drug Task Force. The Commonwealth showed the jury a 40-minute video and audio recording of the second cocaine sale, recorded on a body camera worn by King.

At trial, Appellant admitted to selling cocaine to King on both occasions charged by the Commonwealth, and to possessing most of the drugs and

---

[1] 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(16); 18 Pa.C.S. § 7512; and 18 Pa.C.S. § 903, respectively.

other paraphernalia recovered from his residence.[2]   Rather than deny the sales, Appellant sought to portray King as a trusted friend who had betrayed him and entrapped him to avoid prosecution for her own drug offenses. Appellant introduced evidence suggesting that he was a drug addict who only possessed cocaine for personal use, and that he only sold cocaine to King on two occasions after she hounded him relentlessly.[3]

After a two day trial, the jury convicted Appellant on all counts.   The trial court sentenced Appellant to an aggregate term of 9½ to 19 years of imprisonment.

Appellant timely appealed, and the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement.  Appellant complied, and the trial court filed a responsive Pa.R.A.P. 1925(a) Opinion.

In his Brief to this Court, Appellant raises the following issues for our review:

> 1.  Is there sufficient evidence to support the jury's finding of fact that Appellant was not entrapped by Michelle King and the McKean County Drug Task Force?
>
> 2.   Did the court err in finding that Appellant's motion to suppress was properly denied?

---

[2] Of the more than 100 grams of cocaine recovered from his residence, Appellant disavowed knowledge of 82.27 grams of cocaine recovered inside a shopping bag and suggested someone must have planted it there.

[3] King vehemently denied these claims, testifying that Appellant had been a willing participant in the sales and had sold cocaine to her "hundreds" of times in the past.

3. Did the trial court err in permitting evidence of prior drug use between Appellant and [King] in violation of Pa.R.E. 404(b)?

Appellant's Brief at 6.

Before we reach the merits of the issues raised on appeal, we determine whether Appellant properly preserved them for review.

**Preservation of Claims Generally**

Appellant was required to preserve his claims for appellate review at three distinct junctures: at trial, in his Rule 1925(b) Statement of Errors, and in his Brief to this Court. Our Pennsylvania Rules of Appellate Procedure and our case law lay out the well-established requirements for preserving a claim for appellate review.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. *Commonwealth v. York*, 465 A.2d 1028, 1032 (Pa. Super. 1983).

Similarly, our Supreme Court has made it clear that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (citation and quotation omitted). We will also deem a claim waived if the Rule 1925(b) statement is so vague that it fails to provide adequate guidance to the trial court regarding the issue on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) ("The [1925(b)] Statement shall concisely identify each ruling or error that the

appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). A Rule 1925(b) Statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b)] Statement at all." **Lineberger v. Wyeth**, 894 A.2d 141, 148 (Pa. Super. 2006).

Finally, this Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure, Pa.R.A.P. 2101-2119. "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." **Coulter v. Ramsden**, 94 A.3d 1080, 1088, *appeal denied*, 110 A.3d 998 (Pa. 2014) Thus, issues raised in a Brief's Statement of Questions Involved but not sufficiently developed in the Brief's Argument section will be deemed waived. **Harkins v. Calumet Realty Co.**, 614 A.2d 699, 703 (Pa. Super. 1992).

With these precepts in mind, we conclude that each of Appellant's issues are waived for the following reasons.

### Sufficiency of Evidence

In his Pa.R.A.P. 1925(b) Statement and in his Statement of Questions Raised on Appeal, Appellant purports to raise a challenge to the sufficiency of the evidence. **See** Pa.R.A.P. 1925(b) Statement ("The evidence was insufficient to convict the defendant of all counts of possession with intent to deliver."); Appellant's Brief at 5. However, the corresponding argument

portion of Appellant's Brief is devoid of any argument regarding the sufficiency of the Commonwealth's evidence. Instead, Appellant asks this Court to find that King's conduct constitutes "entrapment as a matter of law" because she "took advantage of her personal relationship with Appellant and repeatedly harassed him until she convinced him to sell her cocaine[.]" Appellant's Brief at 18.

Appellant has failed to preserve this claim. As discussed ***supra***, Appellant was required to preserve issues for our review by including them in his Rule 1925(b) Statement "with sufficient detail to identify all pertinent issues for the [trial] judge." Pa.R.A.P. 1925(b)(4)(ii). Appellant's Rule 1925(b) Statement made no mention of his entrapment defense, and did not put forth his current claim that King's conduct constitutes entrapment as a matter of law.[4] Appellant's entrapment claim is, therefore, waived.

Moreover, to the extent that Appellant did preserve a challenge to the sufficiency of the Commonwealth's evidence in his Rule 1925(b) Statement, he waived it by failing to address sufficiency of the evidence in the argument portion of his Brief.

---

[4] Unsurprisingly, the trial court's Pa.R.A.P. 1925(a) Opinion addresses the sufficiency of the Commonwealth's evidence and does not discuss or analyze Appellant's entrapment claim. ***See*** Rule 1925(a) Opinion, dated 1/13/17, at 1-4.

**Motion to Suppress**

Appellant's second claim also raises his entrapment defense, but in the context of whether the search warrant was constitutionally invalid.

In his Rule 1925(b) Statement Appellant averred that "[t]he trial court erred when it failed to suppress evidence based on a search warrant which lacked probable cause." Pa.R.A.P. 1925(b) Statement. In his Brief to this Court, however, Appellant does not argue that the warrant lacked probable cause. Instead, he avers that the trial court erred by denying his Motion to Suppress because "the search warrant that was executed on Appellant's house was based on probable cause that was gained solely through the entrapment of Appellant." Appellant's Brief at 20-21. He asks this Court to review the "circumstances behind the way in which probable cause was gained," and to extend the exclusionary rule to invalidate warrants obtained because of entrapment. *Id.* at 19-21.

Once again, Appellant failed to preserve the claim in his Brief by inadequately identifying it in his Rule 1925(b) Statement, and he waived the claim identified in his Rule 1925(b) Statement by failing to address it in his Brief.

In addition, Appellant failed to preserve his bad faith/entrapment claim by raising it properly before the suppression court. The filing of a motion to suppress, generally, is insufficient to preserve any and all challenges to the validity of a search warrant. Instead, each specific challenge to a search

warrant must be presented to the suppression court in order to preserve it for our review. *See Commonwealth v. Glass*, 718 A.2d 804, 807 (Pa. Super. 1998) (finding appellant failed to preserve his claim that the warrant's affidavit of probable cause was defective because his motion to suppress was limited to arguing the constitutionality of anticipatory search warrants). *See also Commonwealth v. Menginie*, 458 A.2d 966, 969 (Pa. Super. 1983) (finding waiver of a claim that a search warrant was invalid due to alleged misstatements of fact supporting probable cause where the appellant failed to apprise the suppression court of the specific factual errors contained in the warrant).

In the instant case, Appellant filed a Motion to Suppress Evidence arguing five grounds to suppress the evidence in this case, none of which pertain to the issue he now raises.[5] Nowhere in the Suppression Motion, or at the suppression court hearing did Appellant raise the entrapment defense he now advances on appeal. Because Appellant has failed to preserve this issue at all relevant stages of the proceedings, it is waived.

_____

[5] In his Motion to Suppress, Appellant argued that: (1) the search warrant lacked probable cause because the reliability of King was not demonstrated; (2) the affidavit did not establish a probability that drugs were in the residence; (3) the warrant was overbroad; (4) "[t]he warrant was anticipatory and was executed without reliable confirmation that the condition precedent (completion of the sale) had occurred; and (5) Appellant's arrest was not supported by probable cause because the Commonwealth failed to establish King's reliability. Omnibus Pretrial Motion, filed 1/28/16, at 3.

**Prior Drug Use**

Finally, Appellant avers that the Commonwealth improperly introduced "evidence of [Appellant's] past drug abuse to show his propensity to also sell cocaine[.]" Appellant's Brief at 23. This issue is also waived.

Appellant fails to make even a single reference to the record in this portion of his argument, or to give any detailed indication of what improper evidence the Commonwealth introduced. Appellant's trial spanned two days and nearly 600 pages of transcript, and his failure to direct this Court to the relevant portions of the record provides grounds to find this claim waived. *See Commonwealth v. Franklin*, 823 A.2d 906, 910 (Pa. Super. 2003) (noting that, where an Appellant's argument rests on evidence in the record, he must make appropriate references to the record in his argument to sufficiently develop and preserve his argument for review).

Moreover, our review of the record reveals that Appellant himself sought the introduction of the evidence to which he now objects. "Generally speaking, a party cannot assert error in the admission of evidence where he, himself, introduced the evidence[.]" *Commonwealth v. Heaton*, 472 A.2d 1068, 1070 (Pa. 1984) (citation omitted).

For instance, in his opening statement, Appellant's counsel argued that Appellant was "an addict," and that Appellant and King "would party together" using "drugs[.]" N.T., 6/6/16, at 114-15. During his cross-examination of King, Appellant's counsel asked whether she and Appellant

would "party" together, and elicited the following testimony from King about their historical personal use of cocaine:

> [Appellant's Counsel]: In your time -- in the time that you've known [Appellant], you've known him to be someone who is addicted to cocaine; is he not?
>
> [King]: I mean, I -- I couldn't -- I'm not a doctor, so, I mean --
>
> [Appellant's Counsel]: Right?
>
> [King]: I'm not a doctor. I couldn't know that.
>
> [Appellant's Counsel]: You've seen him do a lot of cocaine, have you not, in your presence?
>
> [King]: Yes.
>
> [Appellant's Counsel]: And you've done a lot of cocaine in his presence, correct?
>
> [King]: Yep.

N.T., 6/7/16, at 52, 79. On redirect, the Commonwealth elicited testimony from King that she had historically purchased drugs from Appellant. Appellant's counsel failed to object to the testimony as irrelevant or unfairly prejudicial.[6] *Id.* at 94-97.

Finally, when Appellant testified in his own defense, he repeatedly volunteered that he and King "would do cocaine and drink" together and that they "did a lot of cocaine." *Id.* at 191. *See also id.* at 195 ("We all did

_____

[6] On two occasions, Appellant's counsel objected on the grounds that King's answer called for speculation. The trial court sustained both objections. N.T., 6/7/16, at 96, 97.

cocaine, and we drank, and we smoked weed[.]"); 200-08 (admitting, on direct, to "years of cocaine usage" and addiction).

A key element of Appellant's defense at trial, and even now on appeal, is his averment that he possessed the cocaine for personal use to fuel his cocaine addiction. **See id.** at 258-60 (Appellant's counsel arguing in closing argument that "cocaine gets him interested because he's got a problem with it" and that the cocaine recovered from Appellant was for personal use); Appellant's Brief at 16 (stating that "[Appellant] was not a drug dealer, but rather a drug addict."). To support this defense, Appellant chose to present evidence of his prior drug use, and not to object when the Commonwealth later introduced similar evidence in response. We, therefore, conclude that his newfound objection to the introduction of this evidence is waived. **Heaton, supra** at 1070; Pa.R.A.P. 302(a).

Having found that Appellant failed to preserve any of the issues he presents to this Court, we affirm his Judgment of Sentence.

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/15/2017