J-S29035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1769 EDA 2016 |

Appeal from the Judgment of Sentence April 29, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013564-2014

BEFORE: PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 29, 2018**

Appellant James Williams appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on April 29, 2016, following his convictions of Possession of a firearm by prohibited person, Firearms not to be carried without a license, Carrying firearms on public streets or public property in Philadelphia, and Resisting arrest or other law enforcement.[1] We affirm.

The trial court aptly set forth the relevant facts and procedural history herein as follows:

FACTUAL HISTORY

The underlying charges stem from the arrest of [Appellant] on October 14, 2014 about 8:15 p.m. after two Philadelphia Police Officers from the 14th District Tactical Response Unit viewed the Defendant flagrantly exposing his penis and urinating onto the

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1); 6106(a)(1); 6108; 5104, respectively.

---

* Former Justice specially assigned to the Superior Court.

sidewalk as he stood on the street at the corner of the 500 East Duval Street in the city and county of Philadelphia, while facing a dumpster in front of an occupied apartment complex. This residential area was particularly noted to be a hot spot for illegal narcotic transactions. As both uniformed officers alighted from their marked Chevy Tahoe vehicle and approached him, [Appellant] immediately refused to heed the officers' directives and attempted to flee. He first physically pushed Police Officer Colin Goshert off of him and then actively fought both officers as he tried to discard the book bag that he had on his shoulders in the process.

During the course of the fray, [Appellant] grabbed Police Officer James McGrory's handgun-shaped taser and wrestled with him while repeating "you are not going to tase me." [Appellant] finally ceased fighting after he was successfully tased after two taser tries failed. The book bag was confiscated well after the officers placed him under lawful arrest. Inside this bag, officers recovered an operable Ruger .9 mm. semi-automatic handgun that was fully loaded with one round readied to fire in the chamber. An immediate record check revealed that this Defendant was a person deemed prohibited from carrying or possessing a firearm due to his previous convictions for an enumerated criminal statutory offenses and that the recovered gun had been reported stolen from a previous owner.

As a result, [Appellant] was initially charged with 18 § 3925 §§ A- Receiving Stolen Property, F2; 18 § 6105 §§ A1 -Violation of the Uniform Firearms Act- Possession of a Firearm By Prohibited Person, F2; 18 § 6106 §§ A1 -Violation of the Uniform Firearms Act- Firearms Not to be Carried Without a License, F2; 18 § 6108 §§ A1 -Violation of the Uniform Firearms Act - Carry Firearms in Public in Philadelphia, Ml; 18 § 5104.1 §§ A1 -Disarming Law Enforcement Officer -Without Lawful Authorization, F3; and 18 § 5104 -Resisting Lawful Arrest Or Law enforcement, M2; CO§ 10609 -Public Urination, S.

PROCEDURAL HISTORY

Following a preliminary hearing, arraignment, and numerous defense initiated continuances, on July 10, 2015, Appellant litigated a Motion to Suppress Physical Evidence that had been filed on his behalf. The Motion To Suppress was Granted In Part and Denied In Part by the Honorable Daniel J. Anders, Judge of the Court of Common Pleas for the First Judicial District Criminal Division after an evidentiary hearing. The Court denied

[Appellant's] request to suppress the introduction of the evidence related to the recovered firearm and granted [Appellant's] request to suppress all inculpatory statements that he had reportedly made at the time of his arrest. The case was eventually transferred and scheduled for a jury trial held before the Honorable Anne Marie B. Coyle Judge of the Court of Common Pleas for the First Judicial District Criminal Division on February 23, 2016.

Preceding the selection from a group of forty potential jurors on February 23, 2016, this Court duly provided sufficient preliminary oral instructions concerning the fair even handed manner in which jurors are required to evaluate the credibility of trial witnesses. This Court also generally inquired of all prospective jurors within a series of general and then individualized questions as to their ability to fairly serve as a juror.

During individual *voir dire* of potential jurors conducted by this Court on February 23, 2016, [Appellant], by and though his trial counsel, requested that the trial court strike a prospective juror identified as Juror #4 for cause because that juror had initially checked off the "Yes" box in response to Question #8 of 16 questions contained on the preprinted Questionnaire form that is handed to prospective jurors to complete before any relevant instructions or explanations are given.

[Appellant's] request to dismiss prospective Juror #4 for cause was denied following properly exercised discretionary evaluation of the prospective juror's convincing sworn testimony in light of all circumstances presented and known to the trial court. During *voir dire* this juror demonstrated unequivocally that she would fairly evaluate an officer's testimony with the same degree of scrutiny to other persons not in law enforcement. [Appellant], by and through his trial attorney, used only five of the allotted seven preemptory strikes within the jury selection process. The jury trial began on February 24, 2016 and ended on February 25, 2016. After due deliberations, the jury returned verdicts on February 26, 2016.

The case in chief was presented by the Commonwealth of Pennsylvania, by and through its Assistant District Attorney John Iannocone, Esquire. Robert Patrick Link, Esquire represented [Appellant] during pre-trial hearings and as trial counsel. Pursuant to agreement of the parties to protect [Appellant], the offense of Violation of the Uniform Firearms Act -Possession of a Firearm By Prohibited Person, 18 § 6105 §§ A1- F2 was bifurcated. Thus, the verdict as it related to this charge was to be decided by the trial court conditionally after verdicts were entered by the jury for the

other possessory firearm offenses. The Commonwealth *Nolle Prossed* the offenses of Receiving Stolen Property, 18 § 3925 §§ A- F2 and Public Urination- CO§ 10609-S.

The empaneled jury found [Appellant] guilty of the following offenses: 18 § 6106 §§ A1 -Violation of the Uniform Firearms Act- Firearms Not to be Carried Without a License, graded as a Felony of the Third Degree; 18 § 6108 §§ Al -Violation of the Uniform Firearms Act- Carry Firearms in Public in Philadelphia, graded as a Misdemeanor of the First Degree; and 18 § 5104- Resisting Lawful Arrest Or Law enforcement, 18 § 5104, graded as a Misdemeanor of the Second Degree. The jury returned a verdict of not guilty to the charge of 18 § 5104.1 §§ A1 –Disarming Law Enforcement Officer -Without Lawful Authorization, graded as a Felony of the Third Degree.

Consistent with the previous agreement, the arraignment of the initially bifurcated charge of Violation of the Uniform Firearms Act- Possession of a Firearm By Prohibited Person, 18 § 6105 §§ A1 -graded as a Felony of the Second Degree was waived by [Appellant], data regarding [Appellant's] previous conviction for the statutory enumerated offense was entered via stipulation of all parties, and this trial [c]ourt formally entered the verdict of guilty for that single bifurcated offense.

As the presiding trial jurist, the Honorable Anne Marie B. Coyle, Judge of the Court of Common Pleas for the First Judicial District, directed the completion of Presentence Evaluations by the First Judicial District Probation and Parole Department and Mental Health Assessments and scheduled the sentencing hearing for April 29, 2016. On April 29, 2016, after review of all completed presentence reports and consideration of all relevant data submitted concerning [Appellant], and a full and fair sentencing hearing, the Honorable Anne Marie B. Coyle imposed the following sentences:

> Count 2: 18 § 6105 §§ A1 -Violation of the Uniform Firearms Act - Possession of a Firearm By Prohibited Person, F2: State supervised period of confinement for a minimum of 4 years to 10 years;
>
> Count 4; 18 § 6106 §§ A1 -Violation of the Uniform Firearms Act- Firearms Not to be Carried Without a License, F2: State supervised period of confinement for a minimum of 2 years to 7 years;
>
> Count 5: 6108 §§ 1l -Violation of the Uniform Firearms Act- Carry Firearms in Public in Philadelphia, M1: State supervised period of confinement for a minimum of 1 years to 5 years;

- 4 -

Count 6: 18 § 5104 -Resisting Lawful Arrest Or Law Enforcement, M2: State supervised period of confinement for a minimum of 1/2 year to 2 years.

The periods of confinement for each charge were directed to be served consecutively to all other offenses. Appropriate credit for time served was approved. Appropriate conditions were imposed to address the Defendant's lengthy criminal record, drug and alcohol abuse and mental health difficulties.

On May 11, 2016 a Motion For Modification of Sentence was filed on behalf of [Appellant] on May 11, 2016. This was denied by operation of law on September 22, 2016. On May 23, 2016, [Appellant] filed a timely Notice of Appeal. The Order in accordance with Pennsylvania Rule of Appellate Procedure 1925(b) was issued on June 21, 2016. A Statement of Matters Complained of on Appeal was filed by [Appellant], by and through his appellate counsel, J. Matthew Wolfe, Esquire on July 12, 2016, specifically asserting:

(1) The Lower Court erred in failing to grant in full the Appellant's motion to suppress physical evidence;
(2) The Lower Court erred in failing to grant the Appellant's motion to strike Juror #4 for cause, who testified that he would be more likely to believe the testimony of a police officer because of their [sic] job.

Trial Court Opinion, filed 9/8/17, at 1-6 ([sic] added).

In his appellate brief, Appellant presents the following "Summary of Questions Involved" which contains a single issue:

1.    Did the lower court err in failing to suppress as evidence the firearm recovered from a book bag during a warrantless search after [ ] Appellant was taken into custody?

Brief for Appellant at 7.

When reviewing a denial of a suppression motion, we must determine whether the record supports the trial court's factual findings and whether the legal conclusions drawn from those facts are correct. ***Commonwealth v.***

***Brown***, 64 A.3d 1101, 1104 (Pa.Super. 2013), appeal denied, 622 Pa. 747, 79 A.3d 1096 (2013). In ***In re L.J.***, 622 Pa. 126, 79 A.3d 1073, 1085–87 (2013), the Pennsylvania Supreme Court held that an appellate court considers only the evidence presented at the suppression hearing and does not also review trial evidence in determining the correctness of a suppression court ruling. In addition, because the Commonwealth prevailed in the suppression court on the issue Appellant raises herein, we consider only the Commonwealth's evidence and so much of the defense evidence "as remains uncontradicted when read in the context of the record as a whole." ***Brown***, 64 A.3d at 1104 (quoting ***Commonwealth v. Cauley***, 10 A.3d 321, 325 (Pa.Super. 2010)). We may reverse only if the legal conclusions drawn from the facts are in error. ***Id.***

Before we consider the merits of Appellant's claim, we must first determine whether he has preserved it for appellate review. Appellant's principal argument before this Court is that the suppression court erred in denying the motion to suppress "the evidence" that officers found in the book bag Appellant had on his person at the time of his arrest. Brief for Appellant at 11. In support of his claim, Appellant cites to numerous Pennsylvania Supreme Court cases in which officers' searches incident to an arrest of a bag or other container located in a vehicle were deemed illegal. Appellant claims the trial court herein ignored the reasoning applied in those matters in finding the search of his bag was constitutional because it was incident to a lawful

arrest.[2]  Whatever the merits of this claim, Appellant waived it by failing to present it to the trial court.

Under the rules of criminal procedure, a motion to suppress evidence generally shall be contained in an omnibus pretrial motion and filed prior to trial or else it is waived.  Pa.R.Crim.P. 578, 579(A); 581(A), (B).  A defendant's suppression motion "shall state specifically and with particularity the evidence sought to be suppressed, the grounds for the suppression, and the facts and events in support thereof."  Pa.R.Crim.P. 581(D).  In addition,

> "[A]ppellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." ***Commonwealth v. Little****,* 903 A.2d 1269, 1272–73 (Pa.Super.2006); ***Commonwealth v. Thur****,* 906 A.2d 552, 566 (Pa.Super.2006) ("When a defendant raises a suppression claim to the trial court and supports that claim with a particular argument or arguments, the defendant cannot then raise for the first time on appeal different arguments supporting suppression.").
>
>> It is well-settled law that motions to suppress evidence are decided prior to the beginning of trial. Moreover, pre-trial rulings on the suppression of evidence are final. In sum, suppression motions must ordinarily be made before the trial to the suppression court, they must be made with specificity and particularity as to the evidence sought to be suppressed and the reasons for the suppression, and the suppression court's determination is to be final, except in the case of evidence not earlier available.
>
> ***Commonwealth v. Metzer****,* 634 A.2d 228, 233 (Pa.Super. 1993) (citations omitted).
>
>> Although the burden in suppression matters is on the Commonwealth to establish "that the challenged evidence was not

---

[2] While Appellant cites briefly to notes of testimony from September 8, 2017, the suppression hearing occurred on July 10, 2015.

- 7 -

obtained in violation of the defendant's rights," Pa.R.Crim.P. 581(D), that burden is triggered only when the defendant "state[s] specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof." *Commonwealth v. McDonald*, 881 A.2d 858, 860 (Pa.Super. 2005). Thus, when a defendant's motion to suppress does not assert specifically the grounds for suppression, he or she cannot later complain that the Commonwealth failed to address a particular theory never expressed in that motion. *McDonald*, 881 A.2d at 860; *Commonwealth v. Quaid*, 871 A.2d 246, 249 (Pa.Super.2005) ("[W]hen a motion to suppress is not specific in asserting the evidence believed to have been unlawfully obtained and/or the basis for the unlawfulness, the defendant cannot complain if the Commonwealth fails to address the legality of the evidence the defendant wishes to contest.").

*Commonwealth v. Freeman*, 128 A.3d 1231, 1241-42 (Pa.Super. 2015).

Herein, although the trial court references a motion to suppress physical evidence filed on Appellant's behalf, the certified record does not indicate Appellant ever filed a pretrial motion. Nevertheless, at the outset of the suppression hearing, Appellant indicated that the motion was "to suppress physical evidence" because "the Philadelphia police officers involved in arresting [Appellant] did not have reasonable suspicion or probable cause to either arrest him or investigate therefore a gun ultimately recovered should be suppressed." N.T., 7/10/15, at 3. As a result, the Commonwealth's questioning of the investigating Officer McGorry centered around the events that led to Appellant's arrest. *Id*. at 4-8, 18-19.

On cross-examination, Officer McGorry stated he asked Appellant why he resisted officers, to which Appellant replied, "look, man, I just got shot and I don't want to go to jail for a gun." *Id*. at 12. At that juncture, defense

counsel indicated he "would amend [his] motion to suppress to include the statements." *Id*. The Commonwealth's questions on redirect examination concentrated on the events that led to Appellant's statement. *Id*. at 14-16.

Following Officer McGorry's testimony, defense counsel indicated his "argument [would] focus on the statements at this point." *Id*. at 19. At the conclusion of counsel's argument, the following exchange ensued:

> The Court:  All right.  Then as to the firearm itself.
> [Defense counsel]:  Your Honor, at this point I'll focus on the statements.

*Id*. at 21. Appellant presented no further argument. In fact, prior to rendering its final decision on the suppression motion, the suppression court indicated that "[c]ounsel is essentially conceding that the arrest was lawful…," and Appellant did not object to this finding. The Commonwealth proceeded to present argument pertaining to the admissibility of Appellant's statements only. *Id*. at 21-22.

As stated previously, Appellant baldly alleged at the outset of the suppression hearing that the gun recovered from the book bag he was wearing at the time if his arrest should be suppressed because officers lacked either reasonable suspicion of probable cause to arrest him. N.T., 7/10/15, at 3. However, Appellant abandoned this claim when he specifically indicated he would not develop any argument in this regard and, rather, would focus on statements Appellant made to police at the time of the arrest. As a result, the Commonwealth did not focus on officers' reasonable suspicion/probable cause

to arrest or on the admissibility of the firearm in its presentation of evidence and in its argument presented to the suppression court at the conclusion of the hearing. Thus, the Commonwealth was deprived of the opportunity to address these issues before the trial court. *See* Pa.R.Crim.P. 581(D); ***Commonwealth v. Dixon***, 997 A.2d 368, 376 (Pa.Super. 2010) (*en banc*), appeal denied, 611 Pa. 654, 26 A.3d 482 (2011) (Commonwealth need not present evidence to refute suppression theories not advanced in motion to suppress). Thus, Appellant's concession below results in his waiver of the issue he raises for our consideration.

Moreover, in his appellate brief Appellant posits the officers' recovery of the gun did not fall under the parameters of the search incident to arrest doctrine. Brief for Appellant at 11-14. This particular legal theory is distinct from that which he articulated at the outset of the suppression hearing, and later abandoned, when he challenged officers' reasonable suspicion to investigate him and their probable cause to place him under arrest. N.T., 7/10/15, at 3. As a result, both the suppression court and this one lack an appropriately developed record on which to rule. Accordingly, we find the issue

waived for this reason as well. *Freeman*, *supra*, 128 A.3d at 1241-42.[3]

Judgment of sentence affirmed.[4]

_____

[3] We also could have found waiver for Appellant's failure to present specifically this issue he develops in his brief in his statement of matters complained of on appeal. Therein, he generally avers the suppression court failed to grant his motion to suppress physical evidence "in full." *See* Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b) at ¶ 1. However, he did not identify for the trial court the precise issue he presents on appeal, namely that the court failed "to suppress as evidence the firearm recovered from a book bag during a warrantless search after [ ] Appellant was taken into custody." It is well-settled:

> Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While [*Commonwealth v.*] *Lord*[,] [719 A.2d 306 (Pa. 1998) ] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, ... *Lord* ... also appl[ies] to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal.

*Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa.Super. 2016) (one citation omitted).

[4] The trial court found no merit to the issues Appellant raised in his concise statement. In ruling on the suppression issue, the court reasoned that officers had probable cause to arrest Appellant and searched his bag, which he had been carrying on both of his shoulders as they approached, pursuant to that lawful arrest. The court stressed that the bag was within Appellant's arm's reach when he was arrested and "[r]easonably its contents posed an

J-S29035-18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/18

---

immediate danger to the officers particularly given [Appellant's] confrontational overreaction to being stopped for public urination and indecent exposure." Trial Court Opinion, filed 9/8/17, at 9. While we do not reach the merits of Appellant's claim, "this [C]ourt may affirm the decision of the trial court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm." *Commonwealth v. O'Drain*, 829 A.2d 316, 322, n. 7 (Pa.Super. 2003)(ctations omitted).

- 12 -