J-A07019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                     :               PENNSYLVANIA
                                                     :

             v.                                 :

CHRISTOPHER SICLARI                  :

            Appellant            :      No. 758 EDA 2018

Appeal from the Judgment of Sentence November 3, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000907-2017

BEFORE: OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:            **FILED SEPTEMBER 12, 2019**

Appellant Christopher Siclari seeks review of the Judgment of Sentence following a bench trial and convictions of Driving Under the Influence ("DUI") – General Impairment, DUI-High Rate of Alcohol, and Careless Driving.[1] He challenges the denial of his suppression motion, the sufficiency of the evidence, and the admission of the laboratory blood test results. After careful review, we conclude that (1) the court did not err in denying the suppression motion; (2) sufficient evidence supported the Appellant's convictions; but (3) the admission of the laboratory's report through a "surrogate witness" violated Appellant's constitutional rights of confrontation. We, thus, affirm in part, vacate in part, and remand for resentencing.

---

[1] 75 Pa.C.S. §§ 3802(a)(1), 3802(b) and 3714(a), respectively.

---

\*    Former Justice specially assigned to the Superior Court.

In its February 13, 2018 Order denying post-sentence relief, the trial court set forth a detailed recitation of the facts of this case, which we summarize as follows. On January 2, 2017, at approximately 2:00 p.m., the custodian of the Nazareth Area Middle School called 911 to report that he had observed, for the previous 20 minutes, a man asleep or passed out in the driver's seat of a pickup truck that was parked across several parking spaces in the school's parking lot. Officer David Gentile of the Upper Nazareth Township Police Department responded to the report and drove to the school to conduct a welfare check. When he arrived, he parked his marked vehicle 15-20 feet behind the pickup truck, which had its brake and reverse lights activated and its engine running. Appellant did not respond when Officer Gentile attempted to rouse him through the truck's open window.

As Officer Gentile was returning to his patrol car after radioing for backup, Appellant's vehicle rolled back and hit the police vehicle. Officer Gentile then returned to the driver's side of the truck and ordered Appellant to turn off his vehicle and get out of the car. Appellant complied, and an officer placed him in handcuffs.

In speaking with Appellant, Officer Gentile noted the odor of alcohol; he also observed an open can of Miller Lite in the cab of Appellant's vehicle, as well as a case of beer. After Appellant performed poorly on field sobriety tests—losing his balance, counting too slowly, taking too many steps, mumbling—he told Officer Gentile that he had been drinking at a friend's house and did not know how he ended up in the school's parking lot. Officer

Gentile detained Appellant for suspicion of driving under the influence ("DUI") and transported him to the hospital for a blood test.

At the hospital, Officer Gentile read the DL-26B form warnings, as revised in 2016, and Appellant consented to the blood draw, which occurred approximately one hour and fifteen minutes after Officer Gentile first encountered Appellant.  Laboratory tests indicated Appellant had a blood alcohol content ("BAC") of 0.108%.  The Commonwealth charged Appellant with two counts of DUI and one count of reckless driving.

Appellant retained counsel who filed an omnibus pre-trial Motion, including a Motion to Suppress the results of the blood alcohol test.  The court scheduled the Motion for a hearing, but on the day of the hearing, counsel chose not to pursue the Motion at that time.  The court scheduled the matter for trial several times, but on each occasion, Appellant's counsel reported having a conflict shortly before the trial.  The court subsequently scheduled trial for the week of September 21, 2017, to accommodate defense counsel's schedule.

On September 21, 2017, prior to the start of Appellant's bench trial, the court held a hearing on the Motion to Suppress, at which the custodian and Officer Gentile testified regarding the vehicle stop precipitating Appellant's detention.  The court denied the Motion to Suppress, and Appellant's bench trial proceeded.

At trial, the Commonwealth presented testimony from Nadine Koenig, the manager and custodian of records of Health Network Laboratories.  Over

Appellant's objections, she testified regarding the laboratory's report showing that Appellant's blood sample contained a BAC of .108%, although she had not conducted the testing, prepared the report, or certified its contents. Appellant's counsel vigorously cross-examined Ms. Koenig.

After the Commonwealth rested, Appellant's counsel indicated that Appellant's expert witness was not present in the courthouse and counsel was unable to contact him by phone. At no time prior to trial had Appellant informed the court or the Commonwealth that he intended to present evidence from an expert. At trial, Appellant did not proffer an expert report, nor did he state the name of the expert for the record. Appellant's counsel requested a continuance, which the court denied. The defense then rested without submitting evidence.

The court found Appellant guilty and ordered a pre-sentence investigation. Appellant retained new counsel.

On November 3, 2017, the court sentenced Appellant as a second DUI offender to, *inter alia*, a term of 45 days to 6 months' incarceration[2] and a $25.00 fine plus costs on the careless driving conviction. Appellant filed a Post-Sentence Motion and a Supplemental Post-Sentence Motion, which the court denied on February 13, 2018. **See** Order and Statement of Reasons, filed Feb. 13, 2018.

---

[2] The DUI convictions merged for purposes of sentencing.

Appellant timely appealed. Appellant filed an ordered Pa.R.A.P. 1925(b) Statement; the trial court filed an Opinion pursuant to Rule 1925(a).

Appellant presents the following Statement of Questions Presented:

1. Where the Commonwealth's evidence at the Suppression Hearing fell short of establishing probable cause that Appellant was driving under the influence, did the lower [c]ourt err in not suppressing the blood evidence?

2. Where the Commonwealth did not present evidence as to when Appellant last drove, was the evidence insufficient as a matter of law to prove convictions under 75 Pa.C.S. § 3802(a)(1) which is an "at the time of driving" offense, or under § 3802(b), which requires the blood to be taken within two hours of driving? Further was the evidence insufficient as a matter of law to prove § 3802(a)(1) where the BAC was barely .10%, and there was no evidence of erratic driving, blood shot eyes, lack of balance, strong odor of alcohol or any of the other typical indicia of unsafe driving?

3. Where the Commonwealth merely presented a surrogate witness and not the "analyst" required by **Commonwealth v. Yohe**, 79 A.3d 520 [ ] (Pa. 2013), to testify as to the blood alcohol testing and analysis, did the lower [c]ourt deny the right of confrontation when the [c]ourt overruled trial [c]ounsel's objection to this testimony?

4. Where Appellant's expert toxicologist was unable to either appear or be contacted by defense [c]ounsel and had expertise which could have contradicted the Commonwealth's evidence and/or would have been able to present evidence reflecting that the Commonwealth blood alcohol evidence was not reliable and/or was below .10%, did the lower [c]ourt err in not granting a new trial?

Appellant's Brief at 4-5.

**Suppression Motion**

In his first issue, Appellant contends that "[t]he police lacked probable cause to place [Appellant] under arrest for suspicion of driving under the

- 5 -

influence based on the evidence presented at the Suppression Hearing. This evidence fell short of establishing probable cause, and this Court should hold that the evidence should have been suppressed[.]" Appellant's Brief at 17. He asserts that because "[t]here was no testimony presented at that hearing that he was swaying, slurring his words, smelling of alcohol, any evidence he was unable to drive safely or any other indicia of impaired driving," the Commonwealth's "presentation fell woefully short of that required to demonstrate probable cause. Accordingly, the evidence should have been suppressed[.]" *Id.* at 23. We conclude Appellant waived this issue by failing to preserve it in his Motion to Suppress.

"Although the burden in suppression matters is on the Commonwealth to establish 'that the challenged evidence was not obtained in violation of the defendant's rights,' Pa.R.Crim.P. 581(D), that burden is triggered only when the defendant 'state[s] specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof.'" **Commonwealth v. Freeman**, 128 A.3d 1231, 1241–42 (Pa. Super. 2015) (quoting **Commonwealth v. McDonald**, 881 A.2d 858, 860 (Pa. Super. 2005). Thus, "[w]hen a defendant's motion to suppress does not assert specifically the grounds for suppression, he or she cannot later complain that the Commonwealth failed to address a particular theory never expressed in that motion." **Freeman**, **supra** at 1242. **See also Commonwealth v. Quaid**, 871 A.2d 246, 249 (Pa. Super. 2005) ("[W]hen a

motion to suppress is not specific in asserting the evidence believed to have been unlawfully obtained and/or the basis for the unlawfulness, the defendant cannot complain if the Commonwealth fails to address the legality of the evidence the defendant wishes to contest.").

In his Suppression Motion, after noting only that he was arrested for suspicion of DUI after parking in the parking lot, Appellant baldly asserted that his initial arrest for suspicion of DUI was made without probable cause or reasonable grounds to believe he was DUI. **See** Motion to Suppress at ¶¶ 14, 17. He then sought suppression only of the blood test results based on a **Birchfield** claim.[3] **See** Motion to Suppress, filed 6/8/17, at ¶¶ 17-19, 27-32. Nothing in his Motion to Suppress mentioned the circumstances leading up to his arrest for DUI, and the only evidence he sought to suppress in the Motion was the blood test result. Accordingly, we conclude Appellant failed to preserve this issue in his Motion to Suppress and it is, thus, waived.

**Sufficiency of the Evidence supporting DUI convictions under 75 Pa.C.S. § Section 3802(a)(1) and (b)**

Appellant next contends that "[t]here is an absolute dearth of evidence as to when [he] drove although we cannot deny that he did so" and, thus, "the Commonwealth did not prove that [he] drove within [the] two-hour

---

[3] **Birchfield v. N. Dakota**, 136 S.Ct. 2160 (U.S. 2016) (holding tests results of a blood sample obtained under threat of enhanced sentencing for refusal to consent to blood test are inadmissible).

window of time [provided in 75 Pa.C.S. § 3802(b)], except for the involuntary act [after] being awakened by the Officer after he was parked in the parking lot." Appellant's Brief at 25-26. He, thus, contends that the Commonwealth could not prove that he had a blood alcohol content over .10% within two hours of last driving (§ 3802(b)) or was under the influence of alcohol so as to be incapable of safe driving at the time he pulled into the school parking lot (3802(a)(1)[)]." *Id*. at 23-24.[4]

Our standard of review applicable to challenges to the sufficiency of evidence is well settled. "Viewing the evidence in the light most favorable to

_____

[4] Appellant also summarily asserts that because there was "no evidence of [a] volitional act and no evidence that [Appellant] had voluntarily driven the vehicle after being awakened," the conviction for careless driving pursuant to Section 3714 is based "on an improper footing." *Id*. at 25-26. That is the sum and substance of his argument challenging the sufficiency of the evidence supporting his careless driving conviction. He cites no supporting case law and fails to develop his argument. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." *Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008) (citations omitted). *See* Pa.R.A.P. 2101 (conformance with briefing rule required); 2111 (briefing requirements); 2119 (requiring that a brief has, among other things, argument with citation to authorities and reference to the record). As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id.* (citations omitted). Because of Appellant's failure to develop his careless driving challenge, we are unable to provide meaningful review. The challenge is, thus, waived.

the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth, the reviewing court must determine whether the evidence supports the fact-finder's determination of all of the elements of the crime beyond a reasonable doubt." ***Commonwealth v. Hall***, 830 A.2d 537, 541–42 (Pa. 2003). A conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. ***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014). In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. ***Id***.

Further, "[t]he facts and circumstances proved must, in order to warrant a conviction, be such as to establish the guilt of the defendant, not necessarily beyond a moral certainty, nor as being absolutely incompatible with his innocence, but at least beyond a reasonable doubt." ***In Interest of J.B.***, 189 A.3d 390, 408 (Pa. 2018) (citation omitted).

The court convicted Appellant of DUI pursuant to Section 3802(a)(1) and (b), which provide:

**(a) General impairment.—**

> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

* * *

**(b) High rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802.

> To establish that one is incapable of safe driving ... the Commonwealth must prove that alcohol has substantially impaired the normal mental and physical faculties required to operate the vehicle safely; "substantial impairment" means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. The meaning of substantial impairment is not limited to some extreme condition of disability. Section 3802(a)(1), like its predecessor, is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.

*Commonwealth v. Kerry*, 906 A.2d 1237, 1241 (Pa. Super. 2006) (citations and internal quotation marks omitted).

"The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include[,] but are not limited to . . . the offender's actions and behavior, including manner of driving[;] … demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

Appellant concedes he drove the car into the parking lot. At trial, Officer Gentile testified that Appellant had stopped his vehicle perpendicular to the parking spaces in the school lot, left the engine running in reverse gear with

- 10 -

his foot on the brake, and was unresponsive as he sat slumped over his steering wheel. After Appellant's vehicle rolled backwards into the patrol car, Appellant got out of the driver's seat exuding an odor of alcohol. Officer Gentile then saw an open can of beer in the car, along with a case of beer. In addition, Officer Gentile testified that Appellant performed poorly on his field sobriety tests and admitted to Officer Gentile that he had been drinking at a friend's house and did not know how he got to the school parking lot. The officer testified that he transported Appellant to the hospital where the phlebotomist drew Appellant's blood within an hour and fifteen minutes of the officer's initial encounter with Appellant.

The totality of this evidence and all reasonable inferences derived therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to show beyond a reasonable doubt that Appellant was incapable of safe driving due to the consumption of alcohol when he was in actual physical control of the movement of the vehicle. Accordingly, Appellant's challenge to the sufficiency of the evidence garners no relief.[5]

_____

[5] Appellant's sufficiency challenge is primarily based on an argument that the Commonwealth did not present certain evidence, *i.e.*, when Appellant pulled into the parking lot, "how full [the opened can of beer in the car] was, when it was drunk, how cold it was or any other indicia of when it could have been drunk," and the fact that "the Commonwealth presented no evidence as to how drinking that much beer may have affected the BAC." *Id*. at 28. Our standard of review requires us to consider whether the evidence that **was presented** supports the convictions.

**Confrontation Clause-BAC Report**

Appellant next asserts that the court violated his Sixth Amendment right to confront witnesses by admitting the toxicology report through the testimony of Nadine Koenig, the manager of the blood-testing laboratory that generated the report. He contends that Ms. Koenig was an impermissible "surrogate witness" because she was neither the lab technician who performed the blood test nor the scientist who certified the test results. **See** Appellant's Brief at 34. Accordingly, pursuant to **Commonwealth v. Yohe**, 79 A.3d 520 (Pa. 2013), **Bullcoming v. New Mexico**, 564 U.S. 647 (2011), and **Melendez-Diaz v. Massachusetts**, 557 U.S. 305 (2009), Appellant asserts, the admission of the laboratory report violated his constitutional right to confront the witnesses against him. We agree.

"Whether the admission of the [t]oxicology [r]eport violated an [a]ppellant's rights under the Confrontation Clause is a question of law, for which our standard of review is *de novo* and our scope of review is plenary." **Yohe**, **supra** at 530.

The Confrontation Clause in the Sixth Amendment to the United States Constitution applies to both federal and state prosecutions and provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. Amend. VI. The right is a procedural one intended to ensure the reliability of evidence through cross-examination. **Yohe**, **supra**, at 530-31 (Pa. 2013) (citations omitted).

Laboratory reports introduced at trial to establish a defendant's blood alcohol content are "testimonial" for purposes of the Confrontation Clause, thus requiring a witness competent to testify to the results in order to comport with the Sixth Amendment. ***Id***. at 533-34 (reviewing ***Melendez–Diaz, supra***, and ***Commonwealth v. Barton–Martin***, 5 A.3d 363 (Pa.Super.2010)).

In DUI cases, the witness considered competent to testify regarding a blood analysis report is the analyst who certified the BAC level results or the laboratory technician who conducted the tests. ***See Yohe***, ***supra*** at 527 (*citing* ***Bullcoming,*** 131 S.Ct. at 2713 (2011) (holding "the analysts who write reports that the prosecution introduces must be made available for confrontation even if they possess "the scientific acumen of Mme. Curie and the veracity of Mother Teresa.") (citation omitted)). "[S]urrogate testimony … does not meet the constitutional requirement. The accused's right is to be confronted with the analyst who made the certification, unless that analyst is unavailable at trial, and the accused had an opportunity, pretrial, to cross-examine that particular scientist." ***Bullcoming***, ***supra*** at 2710.

In ***Yohe***, ***supra***, the Pennsylvania Supreme Court found no confrontation clause violation where the laboratory's forensic toxicologist, who directly supervised the lab technicians, testified regarding the report containing BAC results because he was the individual who certified the results.

Here, Ms. Koenig testified that she is the manager of the laboratory, but she did not prepare the report or certify the results. She described for the

court the protocol used by her laboratory in analyzing blood samples. She stated that the laboratory uses both gas chromatography and enzymatic processes to test blood samples, prints out the information, and the technologist then reviews all of the data and prepares the reports that the analyst then reviews and certifies. N.T., 9/21/17, at 12. Ms. Koenig testified that, "in preparation for [Appellant's attorney] when I served [sic] the paper,"[6] she reviewed the raw data used to compile the report but stated that she did not "make any analysis or certification of that data [herself]." *Id*. at 10. Rather, she testified: "That form is correct and there is no problems [sic]." *Id*.

Ms. Koenig also informed the court of the names of both the laboratory technician who performed the test and the analyst who certified the results. The Commonwealth presented no evidence that those individuals were unavailable to testify at trial and that Appellant had had a prior opportunity to cross-examine them.

We agree with Appellant that, unlike the witness in *Yohe*, Ms. Koenig was a "surrogate witness:" notwithstanding her contention that she reviewed the raw data, she did not prepare the report or certify the results. Rather, she reviewed the data to ascertain that the form of the report was accurate. Accordingly, pursuant to *Melendez-Diaz* and *Bullcoming*, *supra*, the

---

[6] Ms. Koenig testified that as manager of the laboratory, she is considered the custodian of records. N.T., 9/21/17 at 8.

admission of the report showing Appellant's BAC level of 0.10% through the testimony of an individual who did not prepare the report or certify the results violated Appellant's constitutional right to confrontation.[7]

The Commonwealth urges this Court to conclude that the trial court's error was harmless. We disagree. As noted above, while the evidence sufficiently established that Appellant was generally impaired to support his conviction under 75 Pa.C.S. § 3802(a), the laboratory report was the pivotal piece of evidence showing that Appellant's BAC level fell within the range of defining DUI – High Rate of Alcohol in 75 Pa.C.S. § 3802(b), *supra*. Accordingly, the Commonwealth was required to call a competent witness, as defined in **Bullcoming** and **Melendez-Diaz**, *supra*, to testify as to Appellant's BAC level, *i.e.*, the analyst who **actually** certified the BAC level results or the laboratory technician who conducted the tests. The Commonwealth's failure to do so rendered the admission of the laboratory report a constitutional

---

[7] The trial court concluded that because Ms. Koenig had 28 years' experience with the laboratory, had once been a certifying analyst herself, and had knowledge of the procedures and processes used to determine a patient's blood alcohol content, and because Appellant's counsel had vigorously cross-examined her, her testimony was admissible to support the admission of the BAC report. **See** Tr. Ct. Op., Feb. 13, 2018, at 16. Neither the Pennsylvania Supreme Court nor the United States Supreme Court has sanctioned such an extension of **Melendez-Diaz** and **Bullcoming**.

violation. **Melendez-Diaz**, *supra*; **Yohe**, *supra*. We, thus, vacate Appellant's conviction under Section 3802(b) (High Rate of Alcohol).[8]

Our disposition today leaves intact the convictions for DUI-General Impairment and Careless Driving. Because we vacate the DUI-High Rate of Alcohol, our disposition may upset the sentencing scheme. Accordingly, we vacate the Judgment of Sentence and remand to the trial court for resentencing.

Convictions under 75 Pa.C.S. § 3802(a)(1) and 3714(a) affirmed; conviction under 75 Pa.C.S. § 3802(b) vacated; case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/19

---

[8] Based on our disposition, we need not address Appellant's final issue challenging the court's denial of a new trial based on his expert's report raising "significant questions" about the laboratory's handling and analysis of Appellant's blood sample and opining that the blood alcohol testing was unreliable. Appellant's Brief at 42, 44.